**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50390 |
| Plaintiff - Appellee, | D.C. No. 3:11-cr-02510-LAB-1 |
| v. | |
| ADOLFO FLORES-CORTES, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted November 8, 2012
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY,
District Judge.[**]

Defendant-Appellant Adolfo Flores-Cortes challenges his 40-month

sentence for illegal reentry on two theories of procedural error. Flores-Cortes

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The Honorable Jack Zouhary, District Judge for the U.S. District
Court for Northern Ohio, sitting by designation.

argues that: (1) the district judge improperly based the sentence on a factual finding that Flores-Cortes' 2006 illegal entry sentence was 39 months, when in actuality he received consecutive sentences for two separate and distinct offenses—24 months for illegal entry and 15 months for violating supervised release from a 2003 conviction; and (2) the district judge improperly considered the cost to the government of Flores-Cortes' previous and instant offenses. Because the district court did not commit procedural error, we affirm.

This court reviews a sentence for abuse of discretion. *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010). A defendant's opinion that a different sentence is appropriate does not justify reversal.

Flores-Cortes argues that his earlier 15-month revocation sentence was imposed only to punish a breach of the court's trust, and that because he received only 24 months of custody for illegal entry at that time, 24 months ought to be the starting point for a deterrent sentence in this case. Flores-Cortes attempts to characterize the 39-month aggregate sentence as a "fact" relied upon by the district judge.

When reviewing a sentence for procedural error, this court ensures, *inter alia*, that the district judge chose a sentence "that is not based on clearly erroneous facts." *Id.* Such facts are reviewed for clear error and must be "illogical,

implausible, or without support in the record" to justify reversal. *United States v. Fitch*, 659 F.3d 788, 797 (9th Cir. 2011). First, the record makes clear that the district judge explicitly recognized that Flores-Cortes' prior 39-month imprisonment arose from two separate, consecutive sentences. Second, the district judge never characterized the prior 15-month sentence for a supervised release violation as punishment for an immigration offense. Thus, the district judge did not rely on clearly erroneous facts.

As to Flores-Cortes' costs argument, while the district judge did initially discuss invoking government resources each time Flores-Cortes returns, defense counsel objected to its consideration. The district judge then explicitly stated several times that he would not consider costs as a factor, and nothing in the record suggests he did otherwise. Rather, the district judge made clear that he felt a 40-month sentence was appropriate to deter Flores-Cortes from returning yet again to this country. The district judge did not commit procedural error here either.

**AFFIRMED.**

3